59   163
66   482

## The Town of New Haven *vs.* The Board of Trustees of the Sheffield Scientific School.

New Haven & Fairfield Cos., April T., 1890. Andrews, C. J., Carpenter, Loomis, Seymour and Torrance, Js.

The charter of an institution for the promotion of " the study of physical, natural and mathematical sciences," empowered it to hold property, real and personal, and provided that such property, " while so used for the promotion of science," should be exempt from taxation. Held that this provision exempted from taxation not merely such property as was in actual use by the corporation, but that of which the income was used for the promotion of science.

[Argued April 18th—decided June 12th, 1890.]

AMICABLE SUBMISSION upon an agreed statement of facts, in the Superior Court in New Haven County; reserved for the advice of this court. The case is fully stated in the opinion.

*J. P. Pigott* and *W. S. Pardee*, for the plaintiff.

1. The unvarying rule of law as to the construction of exemptions from taxation forbids the interpretation claimed. *Copp* v. *Town of Norwich*, 24 Conn., 28; *Delaware Tax Case*, 18 Wall., 206; *Vicksburg &c. R. R. Co.* v. *Dennis*, 116 U. S. R., 665; *Tennessee* v. *Whitworth*, 117 id., 139; *Yazoo &c. R. R. Co.* v. *Thomas*, 132 id., 174; *Redemptorist Fathers* v. *City of Boston*, 129 Mass., 178; *Washburn College* v. *Shawnee County*, 8 Kansas, 344; *Bradley* v. *N. York & N. Haven R. R. Co.*, 21 Conn., 294; *Osborn* v. *N. York, N. Hav. & Hartford R. R. Co.*, 40 id., 491; Cooley on Taxation, 2d ed., 204, citing many cases.

2. The Connecticut cases have construed the word "use" in tax exemptions to mean actual use. *Gillette* v. *City of Hartford*, 31 Conn., 351; *Osborn* v. *N. York, N. Hav. & Hartford R. R. Co.*, 40 id., 491; *Town of West Hartford* v. *Board of Water Commissioners*, 44 id., 360.

3. The cases from other states support this view. *Phillips Academy* v. *Town of Exeter*, 58 N. Hamp., 306; *Willard* v. *Pike*, 59 Verm., 202; *Proprietors of Cong. Meeting House* v. *Lowell*, 1 Met., 538; *Trustees of Chapel* v. *City of Boston*, 120 Mass., 212; *Redemptorist Fathers* v. *City of Boston*, 129 id., 178; *Lynn Workingmen's Aid Asso.* v. *City of Lynn*, 136 id., 283; *Mt. Hermon's School* v. *Gill*, 145 id., 139; *St. Joseph's Church* v. *Assessors*, 12 R. Isl., 19; *State* v. *Ross*, 24 N. Jer. Law, 467; *State* v. *Krollman*, 38 id., 574; *State* v. *Axtell*, 41 id., 117; *Gerke* v. *Purcell*, 25 Ohio St., 229; *Humphries* v. *Little Sisters*, 29 id., 201; *Cleveland Library Asso.* v. *Pelton*, 36 id., 253; *St. Peter's Church* v. *Co. Commissioners*, 12 Minn., 395; *County of Hennepin* v. *Grace*, 27 id., 503; *Des Moines Lodge* v. *Polk Co.*, 56 Iowa, 34; *Mulroy* v. *Churchman*, 60 id., 717; *Town of Mitchellville* v. *Supervisors*, 64 id., 55; *Kirk* v. *St. Thomas Church*, 70 id.,

287 ; *Washburn College* v. *Shawnee County*, 8 Kansas, 344 ; *New Orleans* v. *St. Anna's Asylum*, 31 Louis. An., 292 ; *Enaut* v. *McGuire*, 36 id., 804 ; *Tax Court* v. *Grand Lodge*, 50 Maryl., 421 ; *Redemptorists* v. *Howard Co.*, id., 444.

*C. R. Ingersoll*, for the defendants.

CARPENTER, J. This is an amicable suit to determine the legality of a tax. The Board of Trustees of the Sheffield Scientific School was incorporated in 1882 for the purposes named in the charter. The corporation is the owner of certain real estate situated in New Haven, and also taxable personal property, amounting in all to over $47,000. All this property came to the corporation by bequest of the late Joseph E. Sheffield. None of it has been or is now in the actual use and occupation of the Scientific School; but the rents and dividends therefrom, when received by the trustees, have been applied by them to defray the current expenses of the school, including the maintenance, care, and insurance of its property. The property was included in the assessment list of the town for the year 1889. Whether it is taxable is the question reserved for the advice of this court.

The second section of the charter is as follows :—" The object and purpose of said corporation is, and shall continue to be, to promote the study of physical, natural and mathematical sciences in the college or school of science known as The Sheffield Scientific School, located at the city of New Haven ; and to that end the said corporation may do all acts necessary and proper for the well ordering of its affairs, and may receive, hold or convey any estate, real or personal, that may be conveyed to it, or that it now possesses ; and said property, while so used for the promotion of science, shall be free from taxation."

Counsel for the town contend that only the property which is actually used by the Scientific School is exempt from taxation ; while the board of trustees contend that it is exempt

so long as the rents and profits are used to maintain the school.

The difference between the parties seems to be the difference between the principal of the estate and the income. Is the property used for the promotion of science when the income only is devoted to that purpose? We agree with counsel for the town that statutes exempting property from taxation should be construed with reasonable strictness; but they should not be so strictly construed as to defeat the obvious intention of the legislature. The legislature has, at times, in similar statutes, applied the word "use," and words of the same import, to the *corpus* of the estate; as in section 3820 of the General Statutes:—"Buildings or portions of buildings exclusively occupied as colleges, academies, churches, or public school-houses or infirmaries; parsonages of any ecclesiastical society to the value of five thousand dollars, while used solely as such; buildings belonging to and used exclusively for scientific, literary, benevolent or ecclesiastical societies;" etc. So also in the charter granted to the city of Hartford in 1859, by which the city limits were extended, in which it was provided that land within the territory annexed, "so long as it should be used exclusively for farming purposes," should not be taxed for city purposes beyond a specified rate. In other cases the word is clearly applied to the income, and the property itself is exempt from taxation by reason of the use of the income. A significant instance of this is an act passed in 1882, being section 3822 of the General Statutes, which is as follows:— "The funds and estate which have been or may be granted, provided by this state, or given by any person or persons, to the President and Fellows of Yale College, Trinity College, or Wesleyan University, and by them respectively invested and held for the use of such institutions, shall, with the income thereof, remain exempt from taxation; provided however that neither of said corporations shall ever hold in this state real estate, free from taxation, affording an annual income of more than six thousand dollars."—Sec. 3823. "Any church or ecclesiastical society in this state may have and

hold exempt from taxation personal property consisting of bonds, mortgages or funds invested, to an amount not exceeding in value the sum of ten thousand dollars; provided that such personal property shall be held solely for the uses of such society, and the revenue derived therefrom shall be used exclusively for the maintenance of public worship and the ordinary expenses incident thereto ; " etc.

That the language of this charter will bear the latter construction is very clear ; indeed the sense seems to require it. The trustees may receive and hold any estate, real or personal, and while so held it may be used for the promotion of science, and while so used shall be free from taxation. The implication is strong, if not conclusive, that the use refers only to the income.

If interpreted in the restricted sense contended for, the charter would seem to do no more than re-enact the general statute, as the trustees have under that all that the town would concede to them under the charter.  That must be so as to the bank stock ; that may be held by the trustees, and at the same time used to promote science.

We think the legislature intended by the charter to grant an exemption not granted by the general law ; an exemption of property the income from which was used for the promotion of science.

The Superior Court is advised to render judgment according to these views.

In this opinion the other judges concurred.