## DAKOTA WESLEYAN UNIVERSITY, Appellant, v. BETTS et al., Respondents.

### (201 N. W. 524.)

(File No. 5359. Opinion filed December 18, 1924.)

**Taxation—Constitutional Law—Realty Owned and Used by Religious Educational Institution Exempt from Taxation.**

Under Const., Art. 11, Sec. 6, and Rev. Code 1919, Sec. 6670, as amended by Laws 1919, c. 106, realty owned and used by religious educational institution is exempt from taxation; that surplus products of farm which cannot be used in school are sold, and proceeds applied to school purposes, being immaterial.

Appeal from Circuit Court, Davison County; Hon. Frank B. Smith, Judge.

Action by the Dakota Wesleyan University against M. C. Betts, as County Treasurer of Davison County. Judgment for defendant, and plaintiff appeals. Reversed.

*Lauritz Miller*, of Mitchell, for Appellant.

*Roscoe Satterlee*, of Mitchell, for Respondent.

Appellant cited: State v. Board of Equalization, 16 S. D. 219; Sioux Falls Lodge v. Mundt, 37 S. D. 97; State ex rel. Eveland v. Johns, 43 S. D. 279; Re Assessments and Collections of Taxes, 4 S. D. 6; Ry. Co. v. Walker et al, 47 Fed. 681; Russell v. Croy, 164 Mo. 69; Fidelity Trust Co. v. Vogt, (N. J.) 48

Atl. 580; Gibbons v. District of Columbia, 116 U. S. 404, 29 L. ed. 690; McHenry v. Alford, 168 U. S. 651, 42 L. ed. 614; 37 Cyc 891; 26 R. C. L. 322, 326, 327; Phillips Academy v. Andover, (Mass.) 48 L. R. A. 550; Parsons Business College v. Kalamazoo, 116 Mich. 305, 131 N. W. 553, 33 L. R. A. (N. S.) 921; Williams College v. Assessors, 167 Mass. 505, 46 N. E. 394; Amherst College v. Assessors, 193 Mass. 168, 79 N. E. 248.

Respondent cited: Yale University v. New Haven, 71 Conn. 316, 43 L. R. A. 490; State ex rel Eveland v. Erickson, 182 N. W. 315; Wesleyan Academy v. Wilbraham, 99 Mass. 599; People ex rel v. Reilly, 85 App. Div. 71, 83 N. Y. Supp. 39; People v. Francis Female Academy, 84 N. E. 55; Emerson v. Trustees of Milton Academy, 70 N. E. 442; Chicago v. University of Chicago, 228 Ill. 695, 81 N. E. 1138, 10 Ann. Cas. 669; People ex rel v. Mezger, 98 App. 237, 90 N. Y. Supp. 488; New Engalnd Hospital v. Boston, 113 Mass. 518; St. James Church v. New York, 41 Hun (N. Y.) 309.

ANDERSON, J. Action by Dakota Wesleyan University, an educational institution, owned, conducted, and supported by the Methodist Episcopal Church, against county treasurer of Davison county, this state, for the return and repayment of $995.55, with interest, being taxes paid by plaintiff to defendant under protest on certain lots situate in the city of Mitchell owned and used by plaintiff. The ground of protest is that under the Constitution and statutes of this state the property assessed is exempt from taxation. Such payment and protest was made under provisions of section 6826, R. C. 1919, on November 26, 1921. This action was instituted December 1, 1921. The trial court by its conclusions of law held that none of the property was exempt from taxation, and that plaintiff was hence not entitled to recover any of such taxes so paid, and that the complaint should be dismissed upon its merits, and judgment entered accordingly. This appeal is from the judgment. No motion for new trial was made, as no complaint is made of the findings of fact; but appellant seeks to review only the correctness of the conclusions of law and the judgment on this appeal. The assignments of error raise but one general question, and they will be discussed together. That is: Do the findings of fact support the conclusions of law and the judgment? Appellant contends that the

property in question is exempt from taxation upon two main grounds: (1) The property in question was and is used exclusively for the support of an educational institution. (2) The property in question belongs to and is owned by an educational institution.

Section 6670, R. C. 1919, as amended by chapter 106, Laws 1919, reads:

"All property, both real and personal, belonging to any educational institution in this state, and all property used exclusively by and for the support of such institution shall be exempt from taxation."

On this question now before us it seems this court some time ago in a measure committed itself in State v. Erickson, 44 S. D. 63, 182 N. W. 315, 13 A. L. R. 1189, where it says:

"Relators contend that the property in question is not used exclusively for religious purposes, and that such portion of chapter, 106, as amended by Laws 1919, as purports to exempt property merely because it belongs to a religious society is unconstitutional. The only question that we find necessary to consider is whether or not a tract of land upon which is situate a parsonage, owned and used, * * * is property 'used exclusively for religious purposes.'

"Relators contend that laws relating to the exemption of property from taxation * * * is the exception and not the rule; and that, before any one can claim the benefit of an exemption, it is incumbent upon him to bring himself or his property clearly within the exception.

"Massachusetss, the mother of our great public school system, also leads in religious life. Nearly a century and a half ago she announced in her fundamental law that: 'It is the right as well as the duty of all men in society * * * to worship the Supreme Being, the Great Creator and Preserver of the Universe.' Const. Mass. pt. 1, art. 2."

"The intention of the Legislature must govern in ascertaining the extent of tax exemptions," and when "the exemption is to religious, scientific, literary and educational institutions" the same strict construction will not be indulged in that would be applied "to corporations created * * * for private gain or

profit." State v. Fisk University, 87 Tenn. 241, 10 S. W. 286; 19 L. R. A. 290.

"It is provided by statute in almost all of the states that the property of a charitable or educational institution used for the purpose for which the institution was established shall be exempt from taxation. The constitutionality of such statutes is almost universally upheld even in states in which uniformity of taxation is required that such institutions perform a work which would otherwise have to be carried on by the public at the expense of the taxpayers." 26 R. C. L. § 277.

Article 11, § 6, Const. S. D.:

"The Legislature shall, by general law, exempt from taxation, property used exclusively for agriculture and horticultural societies, for school, religious, cemetery and charitable purposes, and personal property to any amount not exceeding in value two hundred dollars for each individual liable to taxation."

The Iowa court has held that under the statute exempting all grounds and buildings of literary and religious institutions and societies devoted solely to the appropriate objects of those institutions and not leased or otherwise used with a view to pecuniary profit, buildings used for the residences of ministers and teachers are exempt. Griswold v. State, 46 Iowa, 275, 26 Am. Rep. 138; Cook v. Hutchins, 46 Iowa, 706. In the case of Ramsey County v. McAllister College, 51 Minn. 437, 53 N. W. 704, 18 L. R. A. 278, that court held that under a statute exempting colleges and grounds attached to such institutions necessary to their proper occupancy, use, and enjoyment, not leased or otherwise used with a view to profit, houses erected near the college buildings and used as places of residence for the professors without charge for rent are exempt.

In State v. Ross, 24 N. J. Law, 498, it is held an exemption of all colleges and the lands whereupon they are erected will include houses erected on the college grounds for the residences of professors and occupied by them free of rent. An exemption from taxation of the property of a college while so used for the promotion of science exempts the property so invested as to produce an income which is used for the purposes of the college. See, also, New Haven v. Sheffield, 59 Conn. 163, 22 A. 156.

In University v. People, 99 U. S. 309, 25 L. ed. 387, the court held, under a Constitution permitting the Legislature to exempt such property as they may deem necessary for school purposes, the Supreme Court of the United States held "that lands and other property, the annual profits of which by way of rent or otherwise are devoted to the business of the institution as a school may be exempted."

The mere fact that the surplus products of the farm which cannot be used in the school are sold for cash and the proceeds applied to the school purposes will not remove the exemption. Mt. Hermon v. Gill, 145 Mass. 139, 13 N. E. 354.

From a consideration of the facts and the law, as applicable, we are persuaded that appellant is entitled to recover the money paid under protest, and that the judgment and order of the trial court should be reversed, and it is so ordered.

GATES, J., not sitting.

SHERWOOD, P. J., and POLLEY and DILLON, JJ., concur in result.

Note.—Reported in 201 N. W. 524. See, Headnote, American Key-Numbered Digest, Taxation, Key-No. 242(5), 37 Cyc. 939.