In re Application DAKOTA WESLEYAN UNIVERSITY to BOARD COUNTY COMMISSIONERS, DAVISON COUNTY.

(202 N. W. 284.)

(File No. 5360.   Opinion filed January 27, 1925.)

**Taxation—Constitutional Law—Tax Exemptions—All Property Owned by Religious, Educational, Benevolent, Charitable Societies or Used for such purposes Is Exempt from Taxation.**

Under Constitution and statutes, all property owned by religious, educational, benevolent, charitable societies, regardless of its character, extent, location, or purpose for which it is used, and all property, regardless of its character or extent, that is used exclusively for charitable, benevolent, religious, or educational purposes, is exempt.

Appeal from Circuit Court, Davison County; Hon. Frank B. Smith, Judge.

In the matter of the application of the Dakota Wesleyan University to the Board of County Commissioners of Davison County for abatement of the 1920 taxes on real estate owned by applicant.   From a circuit court judgment dismissing an appeal from the order of the Board of County Commissioners rejecting the application, applicant appeals.   Reversed.

Denying rehearing of 47 S. D. 618, 201 N. W. 524.

*Lauritz Miller,* of Mitchell, for Appellant.
*Roscoe Satterlee,* of Mitchell, for Respondent.

Appellant cited:   Harvard College v. Assessors of Cambridge, 48 L. R. A. 547; Yale University v. New Haven, 43 L. R. A. 490, 71 Conn. 316; Ramsey County v. Macalester College (Minn.), 53

N. W. 704; Trustees of Phillips Academy v. Andover et al (Mass.), 48 L. R. A. 550; Emerson v. Trustees Milton Academy, 70 N. E. 442; State v. Ross (N. J.), 4 Zabar 497; Griswold College v. State, 46 Ia. 275, 26 Am. Rep. 138; Northampton County v. Lafayette College, 128 Pa. St. 132; Northwestern University v. People, 99 U. S. 309, 25 L. ed. 387.

Respondent cited: State v. Board of Equalization, 16 S. D. 219; Sioux Falls Lodge v. Mundt, 37 S. D. 97; State ex rel Eveland v. Johns, 43 S. D. 279; Judson on Taxation, 581; Ry. Co. v. Walker et al, 47 Fed. 681; Russell v. Croy, 164 Mo. 69; Fidelity Trust Co. v. Vogt (N. J.), 48 Atl. 580; Gibbons v. District of Columbia, 116 U. S. 404, 29 L. ed. 690; McHenry v. Alford, 168 U. S. 651, 42 L. ed. 614; 37 Cyc. 891; 26 R. C. L. 323; Y. M. C. A. v. Douglas County, 60 Neb. 642, 52 L. R. A. 123; Parsons Business College v. Kalamazoo, 116 Mich. 305, 131 N. W. 553, 33 L. R. A. (N. S.) 921.

PER CURIAM. This is an appeal from the judgment of the circuit court which dismissed an appeal from the board of county commissioners of Davison county from an order rejecting an application for the rebate of taxes. The question presented on this appeal is the same as the question involved in No. 5359, Dakota Wesleyan University v. Betts, handed down on the 18th day of last month and reported in 47 S. D. 618, 201 N. W. 524, and upon the authority of that case the judgment appealed from is reversed.

No. 5359 is again before us on petition by respondent for a rehearing. Petitioner does not seem to seriously question the correctness of the conclusion arrived at so much as the ground on which the opinion is based. The case has been given most careful and thorough consideration, and, after such consideration, we are of the opinion that under our present Constitution and existing statute all property that is owned by religious, educational, charitable or benevolent societies, regardless of its character, extent, location or the purposes for which it is used, and all property, regardless of its character or extent, that is used exclusively for charitable, benevolent, religious, or educational purposes, is exempt from taxation.

This disposes of both cases, and a rehearing is denied.

ANDERSON, J., not present.