ABERDEEN COUNCIL NO. 820 KNIGHTS OF COLUMBUS, Appellant, v. BROWN COUNTY, Respondent.

(223 N. W. 950.)

(File No. 6682.    Opinion filed March 12, 1929.)

*James J. Fitzpatrick,* of Aberdeen, for Appellant.

*P. J. Maloney* and *Alan Williamson,* both of Aberdeen, for Respondent.

POLLEY, J.   During the month of April, 1920, the Aberdeen Council, No. 820, of the Knights of Columbus, which for brevity

will hereinafter be referred to as the plaintiff, acquired three building lots in the city of Aberdeen. For the years 1920 to 1926, inclusive, these lots were regularly assessed for taxation and taxes levied thereon by Brown county, to be hereinafter referred to as defendant. The taxes so levied for the years 1920 to 1925, inclusive, amounting in the aggregate to the sum of $2,468.07, were paid by the plaintiff to defendant. The taxes for the year 1926, amounting to the sum of $247.94, have not been paid.

In September, 1927, plaintiff, claiming that said lots were exempt from taxation (subdivision 3, § 6670, R. C. 1919, as amended by chapter 106 of the Laws of 1919), filed an application with the board of county commissioners of Brown county, asking for a refund of the taxes that had been paid on the said lots and a rebate of the 1926 tax. This application was made under the provisions of sections 6814-6816, Code of 1919. The application was denied, and plaintiff appealed to the circuit of Brown county. In the circuit court the case was tried on an agreed statement of fact. It was stipulated, among other things, and the court found as a fact, that the plaintiff was a charitable and benevolent institution, and because of such fact plaintiff contends that its said lots were exempt from taxation.

Under the provisions of subdivision 3 of section 6670, as amended by chapter 106, Laws of 1919, "all property belonging to any charitable, benevolent or religious society, or used exclusively for charitable, benevolent or religious purposes," is exempt from taxation, and section 6813 provides: "If any person, against whom an assessment has been made or a tax levied, claims such assessment or tax or any part thereof to be invalid for any reason herein stated, the same may be abated, or the tax refunded if paid, and the board of county commissioners is authorized and empowered to abate or refund, in whole or part, such invalid assessments or taxes in the manner hereinafter prescribed and in the following cases only:  *  *  *  3. When the complainant or the property is exempt from the tax."

In this case the property is exempt under the provisions of section 6670, Code of 1919, as amended by chapter 106, Laws of 1919. Plaintiff applied for abatement and refund pursuant to sections 6814-6819, R. C. 1919, and acts amendatory thereof. Respondent raises no procedural questions, and makes no claim that

appellant failed in any particular to comply with the requirements of said sections of the statute and amendatory acts.

There being no question raised as to jurisdiction or procedure, plaintiff was entitled to the relief sought. Dakota Wesleyan University v. Betts, 47 S. D. 618, 201 N. W. 524; Id., on rehearing, 48 S. D. 84, 202 N. W. 284.

The judgment appealed from is therefore reversed.

SHERWOOD, P. J., and BURCH and CAMPBELL, JJ., concur.

BROWN, J., absent.