**WISCONSIN EVANGELICAL LUTHERAN SYNOD, A Wisconsin Corporation, Appellee,**

v.

**Andrew S. REGIS, City Assessor of Des Moines, Iowa, et al., Appellants.**

No. 54785.

Supreme Court of Iowa.

May 11, 1972.

Herrick, Langdon, Belin & Harris, Des Moines, for appellants.

Jones, Hoffmann & Davison, Des Moines, for appellee.

REYNOLDSON, Justice.

Plaintiff appealed to district court when the Des Moines City Assessor and Board of Review denied tax exemption on a residence owned by plaintiff and furnished by an affiliated church to a day school teacher as part of his employment compensation. Trial court, relying on decisions of this court in Trustees of Griswold College v. State of Iowa, 46 Iowa 275 (1877) and Trinity Lutheran Church of Des Moines v. Browner, 255 Iowa 197, 121 N.W.2d 131 (1963) reversed and allowed the exemption. Defendants appeal to this court and we reverse.

Lincoln Heights Evangelical Lutheran Church is designated a "mission congregation" because it is not self-supporting. Plaintiff Synod assists this church financially and holds title to its real estate. The pastor of Lincoln Heights Church, serving under a written "Divine Call" from the

congregation, occupies a synod-owned parsonage.

The local church submitted a similar "Divine Call" to William Helmreich to teach grades one through eight in its day school conducted in the church building. Helmreich was a recent college graduate with the degree of Bachelor of Science in Education. Although he had completed some college religious courses, he was not educated for the ministry nor was he an ordained minister. He taught twenty pupils, following the course of study prescribed by state law. Devotions and short services were part of the curriculum. Parents of some of the students were not church members: they paid tuition. The usual five-day week, nine-month school year prevailed. During the summer Helmreich attended Drake University, working toward his master's degree in education.

The "call" received by Helmreich provided for a fixed salary and in addition, hospitalization insurance, telephone and housing. When he first arrived in Des Moines in August 1967, he lived with his wife and two children in a residence rented to plaintiff and the local church. Later he moved with his family into the house involved here, which is located approximately two blocks from the church building. In his residence Helmreich maintains a basement office used for parent conferences in which he keeps a desk, books, and school files. However, he testified he was not required to have a study or office in his home.

With this case we are again concerned with the application of § 427.1, The Code, which relevantly provides,

"The following classes of property shall not be taxed:

\*    \*    \*    \*    \*    \*

"9. *Property of religious, literary, and charitable societies.* All grounds and buildings used \* \* \* by literary, scientific, \* \* \* and religious institutions and societies solely for their appropriate objects, \* \* \* and not leased or otherwise used \* \* \* with a view to pecuniary profit. \* \* \*."

I. In 1877 this court, dividing three to two, construed the above quoted statute to permit a tax exemption for the residence of a college professor. Trustees of Griswold College v. State of Iowa, 46 Iowa 275. That residence was located on the college campus, a fact stressed by the majority's opinion, 46 Iowa at 280:

"It seems to us to be peculiarly fitting and appropriate to the successful operation of the college, the correct deportment of the students, and the proper discipline of the institution, that one or more of the professors should reside upon the college grounds; \* \* \*."

Eighty-six years later, through application of the *stare decisis* rule, *Griswold* dictated an exempt tax status for the residence of a "Director of Christian Education and Minister of Music." Trinity Lutheran Church of Des Moines v. Browner, 255 Iowa 197, 121 N.W.2d 131 (1963). There, as here, the residence was furnished as a part of the employee's compensation. The employee's duties, however, included acting as organist, directing choirs, conducting devotions, teaching religious classes, imparting religious doctrine and directing the Sunday school superintendent. The five-to-four decision conceded the majority of jurisdictions would have refused the exemption to the property there held nontaxable.

We have always held statutes exempting property from taxation must be strictly construed. If there is any doubt upon the question, it must be resolved against the exemption in favor of taxation. The burden is upon one claiming exemption to show the property falls within the exemption statute. Community Drama Ass'n of Des Moines v. Iowa State Tax Com'n, 252 Iowa 854, 109 N.W.2d 23 (1961); National Bank of Burlington v. Huneke, 250 Iowa 1030, 98 N.W.2d 7 (1959); Readlyn Hospital v. Hoth, 223 Iowa 341, 272 N.W. 90 (1937).

The current trend in other jurisdictions is to curb and restrict the type of exemption claimed here. Harmon v. North Pac. Union Conf. Assn. of 7th Day Adventists, 462 P.2d 432 (Alaska 1969); MacMurray College v. Wright, 38 Ill.2d 272, 230 N.E.2d 846 (1967); Township of Teaneck v. Lutheran Bible Institute, 20 N.J. 86, 118 A.2d 809 (1955). Without doubt, such trend flows from the increasing extent and value of exempt property not on the tax rolls, and the resulting impact of such exemptions on the property taxpayer. One exhibit in this case, prepared by the city assessor as of January 16, 1970, shows Des Moines city property entitled to charitable exemption valued at $122,425,463. The 27% taxable value as of that time was $33,054,875.

■■■■ An exemption in this case would break the bough of logic bent by *Griswold* and *Trinity*. We hold that Lutheran Synod has not carried the burden of proving this situation falls within any fair interpretation of the exemption statute. This residence was not used solely for the appropriate objects of plaintiff religious institution. It was used as the home of an employee and his family. Helmreich had complete right of privacy in his occupancy. He was not required, because of his educational duties, to live in this residence, nor was he required to perform any employment functions there. A church seeking tax exemption for employee housing facilities must do more than merely show the property is owned by the church and occupied by church personnel. From the facts we conclude this house was leased to Helmreich with a view to pecuniary profit.

II. This opinion is confined solely to the fact situation before us. No guidelines for harassed tax assessors are laid down, for a reason outweighing that desirable function. This area of our law involves complex and sensitive questions of public tax policy. It requires the study, review, and fine-tuning of the legislative branch of government rather than the tedious and piecemeal constructions of this court. No question is involved under either the federal or state constitutions. Trustees of Griswold College v. State of Iowa, 46 Iowa 275 (1877); Walz v. Tax Commission of City of New York, 397 U.S. 664, 90 S.Ct. 1409, 25 L.Ed.2d 697 (1970).

We judicially note that for some time the General Assembly has been studying the question of tax exemptions with the intention of overhauling these statutes. We have every confidence the legislature will soon make changes in which the will of citizens shall be appropriately and precisely expressed.

The case is reversed and remanded to the district court for entry of decree in conformance herewith.

Reversed.

All Justices concur, except HARRIS and McCORMICK, JJ., who take no part.