. 52h    507
`74 AD¹560

## THE CONGREGATION KOL ISRAEL ANSCHI POLAND, APPELLANT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENTS.

*Exemption from taxation — exclusive possession of real property for the purposes of public worship is required in New York city.*

A building in the city of New York, the upper and second story of which is used exclusively as a Jewish synagogue and place for holding religious services, and the first floor of which is used for living apartments by the janitor, and also for bathing apartments, accessible to all men and women of the Hebrew or Jewish race, whether members of the congregation of the synagogue or not, upon payment of a pecuniary compensation for the use thereof, sufficient to cover the expense of gas and fuel, and in lieu of a salary to the janitor, is not entitled to exemption from taxation, under the provisions of part 1 of chapter 13 of title 1 of section 4 of subdivision 3 of the Revised Statutes, as the same is modified by chapter 282 of the Laws of 1852, embodied in section 827 of chapter 410 of the Laws of 1882, providing that exemption from taxation "shall not apply to any such building or premises in the city of New York, unless the same shall be exclusively used for such purposes and exclusively the property of a religious society."

*Semble,* that if the bathing apartments were required in the religious services of the synagogue, and the practice of bathing was enjoined by the tenets governing the conduct of the worshipers therein, and the apartments were used exclusively for the purpose of public worship, the property would be exempt from taxation.

APPEAL by the plaintiff from a judgment of the New York Special Term, entered in the office of the clerk of the county of New York June 30, 1888, dismissing the plaintiff's complaint, which was filed to procure the cancellation of taxes for the years 1881, 1882, 1884 and 1885, upon No. 80 Forsyth street, in the city of New York.

*Samuel J. Crooks,* for the appellant.

*Henry R. Beekman,* counsel to the corporation, and *J. S. Coleman,* for the respondents.

MACOMBER, J. :

It was claimed, upon the trial, that the imposition of taxes for the years above mentioned was illegal and void, for the reason that the

plaintiff is a religious corporation and that the premises assessed were, and had been, used by it exclusively for religious services and worship, and were, consequently, exempt from taxation under the Revised Statutes and the laws pertaining to the city of New York.

The exemption claimed by the plaintiff is founded upon the Revised Statutes, part 1, chapter 13, title 1, section 4, subdivision 3, as amended by chapter 397 of the Laws of 1883. The statute is as follows: " Every building erected for the use of a college, incorporated academy or other seminary of learning, and in actual use for either of such purposes, every building for public worship, every school-house, court-house and jail, used for either of such purposes, and the several lots whereon such buildings so used are situated, and the furniture belonging to each of them," shall be exempt from taxation.

Chapter 282 of the Laws of 1852, now embodied in section 827 of the consolidation act, declares that the exemption from taxation of every building used for public worship, etc., as above mentioned, shall not apply to any premises in the city of New York, unless such building shall be exclusively used for such purposes. The question, therefore, is whether the premises of the plaintiff were exclusively used for the purpose of public worship during the years above mentioned.

The evidence establishes these facts: The plaintiff, being a domestic religious corporation, did, on the 25th day of March, 1881, purchase the property now known as No. 80 Forsyth street. Shortly thereafter the house, which then stood upon the premises, was altered and rebuilt for the purposes of the plaintiff, and from the 1st day of May, 1881, such building contained two floors or stories, continuously used by the plaintiff for the following purposes: The upper or second floor was used by the plaintiff and its members exclusively as a synagogue and place of holding religious services; one portion of the first or lower floor was used and occupied by the plaintiff's janitor, wife and family as living apartments; the other portion thereof was occupied by bath tubs for women and by a pool or plunge for cleansing. Another portion thereof was occupied by bath tubs for men, and the remaining portion was occupied by hallways and stairs. The bath tubs were accessible to all men and women of the Hebrew or Jewish race, whether members of the

plaintiff's congregation or not, who might desire to use them, and were, during the period aforesaid, frequently used by men and women of that race. Cold and warm baths were there provided for them by the janitor, who furnished them the necessary facilities, and received from them a pecuniary compensation therefor, which he retained for his own use, after paying the expenses for gas, fuel and the accessories of the bath, in lieu of any salary or compensation provided to him by the plaintiff as such janitor. Under these facts, conclusively established by the evidence, it is clear that the premises of the plaintiff were not exclusively used for the purposes of public worship during any of the time mentioned, and hence they are not exempt from taxation. The second story of the building, it is true, is used for religious services and public worship, and for no other purpose. But the use of the first floor for other purposes than those exclusively religious takes the plaintiff out of the operation and protection of the statute. There can be no question, under the facts proven, but that the plaintiff was well aware of the use to which the lower story was put. It is claimed, however, in behalf of the appellant, that the bathing apartments were a part of the religious services, enjoined by the obligations of the tenets governing the conduct of the plaintiff's worshipers. If it were shown that these baths were administered as a part of the preparation for receiving religious instruction, and hence formed a part of the religious conduct of the plaintiff, it would not be required to pay the taxes thereon; but the proof shows that the baths were given to any persons of the Hebrew faith who applied for them, although they were not members of the plaintiff's congregation and took no part in any services of the plaintiff. These views render it unnecessary to consider the question whether the taxes laid in the year 1881 stand upon a different footing from those of the succeeding year.

The judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Judgment affirmed, with costs.