### SHAARAI BEROCHO *v.* MAYOR, ETC., OF CITY OF NEW YORK.

*(Superior Court of New York City, General Term. May 2, 1892.)*

TAXATION—EXEMPTIONS—JEWISH SYNAGOGUE.

    A Jewish synagogue is used exclusively for purposes of public worship, so as to be exempt from taxation, under Consolidation Act, (Laws 1882, c. 410,) § 827, though the janitor lives with his family on the top floor, paying no rent, and receiving a salary for his services.

Appeal from special term.

Action by the Shaarai Berocho, an incorporated religious society, against the mayor, aldermen, and commonalty of New York, to have certain taxes declared illegal, and to enjoin their collection. Judgment for plaintiff. Defendant appeals. Affirmed.

The plaintiff is a religious society, incorporated under the laws of the state of New York. From January, 1883, to May, 1891, it was the owner in fee of a certain lot of land, with the building thereon, situate on the southerly side of Forty-Fifth street, west of Second avenue, in the city of New York, known on the tax map of the city as No. 32, in block 248, in the Nineteenth ward. The building was used and occupied as follows: The basement was used for the heater and for fuel. The ground floor, which extended to nearly the full depth of the lot, was used exclusively as a synagogue or place of public worship for the congregation of the plaintiff. The second floor was mainly used as a place for religious services or instruction on mornings and afternoons during the week, and for Sabbath school exercises on Saturday afternoon and Sunday morning. The religious worship and instruction were free to all. A small portion of this floor was separated from the rest by a partition, and was used, when required, as an office by the treasurer of plaintiff, and by plaintiff's trustees. The third or top floor contained six rooms, which were used as follows: Four of the rooms by the sexton or janitor of the building, his wife and their grandchild, as living apartments. The fifth room was fitted up as a reception room, and was used by the janitor and his family, and also as a meeting place for the trustees of the plaintiff, whenever they required it. The sixth room was used as a storeroom for keeping archives of the plaintiff, and the paraphernalia of the synagogue. The sexton or janitor paid no rent for the use and occupancy of his rooms, but received a salary from the plaintiff for his services. During each of the years, from 1884 to 1890, (both included,) plaintiff's premises were assessed and taxed by the defendant for state and local purposes. The taxes were regular in form, but were not paid, and the plaintiff brought suit for the purpose of having

the taxes declared illegal, and restraining the collection thereof, on the ground that the property was exempt. The court, at special term, rendered judgment for the plaintiff granting the relief prayed for, and the defendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

*W. H. Clark* and *G. S. Coleman*, for appellants. *B. Metzgar*, for respondent.

McADAM, J. The facts are not in dispute, and the single question of law involved is whether the premises, during the period mentioned, were exclusively used for purposes of public worship, within the meaning of the statutes exempting such property from taxation. Consolidation Act 1882,[1] § 827. It is urged by the appellants that the premises were not used exclusively for public worship, because, as they assert, part of the top floor was occupied by the janitor of the church for residential purposes. The objection is technical, and without merit. The janitor paid nothing for the use of the rooms, was not a tenant, had no proprietary interest or estate in any part of the premises, was removable at will, and was there simply because his presence, by night as well as day, was required as a caretaker of the property. He was also required to heat, open, light, and close the premises. He had no possession distinct from that of the plaintiff, which, being a corporation, could care for its property and perform its mission only through the necessary agents and servants required to accomplish the praiseworthy end in view. The position of janitor was incidental to the purpose of the corporation, but his presence on or absence from the premises in no manner affected the right to impose taxes on the plaintiff's property, if otherwise exempt from the taxing power. The property was not used for pecuniary gain, as in *Congregation, etc.,* v. *Mayor, etc.,* (Sup.) 5 N. Y. Supp. 608; nor was the principal use applied to other than religious purposes, as in *Y. M. C. A.* v. *Mayor, etc.,* 113 N. Y. 187, 21 N. E. Rep. 86; nor is the right of the plaintiff to exemption open to the want of incorporation, which was the ground of objection sustained in *Church of St. Monica* v. *Same,* 119 N. Y. 91, 23 N. E. Rep. 294; so that the cases relied on by the defendant do not reach the vital point at issue here. The object of the statute was to foster incorporated religious societies, and it must be reasonably construed, according to its spirit, in furtherance of the legislative intent. It cannot be frustrated by a technicality so finely drawn as that urged against the plaintiff's right to exemption. Effect must be given to the principal thing the legislature had in view,—the policy that dictated the act. These should not be subordinated to mere incidents required to give it efficacy and life. The former control; the latter follow.

The judgment was right, and must be affirmed, with costs. All concur.