The People of the State of New York ex rel. The Society of the Free Church of St. Mary the Virgin, Respondent, v. Thomas L. Feitner et al., Commissioners of. Taxes and Assessments of the City of New York, Appellants.

1. Tax — Exemption of Mission House Connected with Church. A mission house which adjoins a corner of a church building, having a chapel in daily use for religious services, in which women and children are constantly received for counsel and advice, and which is used for meetings by missionary and charitable guilds connected with the church, is exempt from taxation under the Tax Law (L. 1896, ch. 908, § 4, subd. 7; amd., L. 1897, ch. 371), although sisters who have charge of it reside therein, their residence being necessary and an incident to the work carried on by the church therein and not an appropriation for other than religious purposes.

2. Exemption of Clergy House. A clergy house which adjoins another corner of the building, in which is located the choir and vestry, the first floor of which is used for a Sunday school and other religious services, and can be utilized as part of the seating capacity of the church, the second occupied as a chapel, the third by the men's guild, the fourth by curates who assist in carrying on the work in the church, and the fifth by an engineer who has charge of the heating and mechanical appa-

ratus of the entire building, is also exempt from taxation, the residence of the curates and engineer being incidental to the work carried on by the church therein.

3. RECTORY NOT EXEMPT. A rectory which is a separate building located on another corner of the church is not exempt, except as specified in subdivision 9 of section 4 of the Tax Law, exempting from taxation dwelling houses and lots of religious corporations while actually used by the officiating clergymen thereof, when it is used by the rector as his dwelling house and although his constant attendance may be necessary in the performance of his duties, the church cannot be considered as carrying on a work therein which renders the residence of the rector necessary or incidental thereto.

*People ex rel. Society of Free Church of St. Mary* v. *Feitner*, 63 App. Div. 181, modified.

(Submitted November 11, 1901; decided November 22, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made July 9, 1901, which reversed an order of Special Term confirming an assessment for taxation on the relator's real property for the year 1899 and canceled such assessment.

The facts, so far as material, are stated in the opinion.

*John Whalen, Corporation Counsel (James M. Ward* and *Andrew T. Campbell, Jr.*), for appellants. So much of relator's property as was used on assessment day as a clergy house and rectory is exempt only to the extent of $2,000. (L. 1896, ch. 908, § 4, subd. 9.) There is no authority in the Tax Law for exempting so much of the real property of relator as is described as the "Mission House" for the reasons that the relator was not organized for purposes for which a mission house would be necessarily incidental. The "Mission House" was not used exclusively for the purpose for which relator was organized, and the "Mission House" was not used exclusively as a building for public worship. (*People ex rel.* v. *Sayles*, 32 App. Div. 197; 157 N. Y. 677; *People ex rel.* v. *Nowles*, 34 Misc. Rep. 501 ; *Assn. for Colored Orphans* v. *Mayor, etc.*, 104 N. Y. 581; *Y. M. C. Assn.* v. *Mayor, etc.*, 113 N. Y. 187.)

*C. N. Bovee, Jr.*, for respondent. The whole of relator's property was expressly exempt from taxation by a just, fair and reasonable interpretation of the statute. (*Berocher* v. *Mayor, etc.*, 18 N. Y. Supp. 792; *People ex rel.* v. *Neff*, 34 App. Div. 83; *Assn. for Colored Orphans* v. *Mayor, etc.*, 104 N. Y. 581; *People ex rel.* v. *Murray*, 148 N. Y. 176; *People ex rel.* v. *Barber*, 42 Hun, 27; *People ex rel.* v. *Comrs. of Taxes*, 10 Hun, 246; *T. G. Sem.* v. *Cramer*, 98 N. Y. 121; *People ex rel.* v. *Comrs. of Taxes*, 6 Hun, 109; *People ex rel.* v. *Feitner*, 33 Misc. Rep. 712.) There is no merit in appellants' contention that the court had not jurisdiction to issue the writ. (*People ex rel.* v. *Lantry*, 44 App. Div. 392; *People ex rel.* v. *Feitner*, 163 N. Y. 389; *People ex rel.* v. *Feitner*, 51 App. Div. 196; *People ex rel.* v. *Feitner*, 41 App. Div. 546.)

Haight, J. The relator is a domestic corporation organized under chapter 218 of the Laws of 1854 exclusively for religious, charitable, benevolent and educational purposes, and for the moral and mental improvement of men and women. It is the owner of real property located in the city of New York consisting of a church building, a mission house, clergy house and a rectory. The commissioners of taxes and assessments assessed the mission house at $10,000, the clergy house at $12,000, and the rectory at $8,000. The Special Term deducted $2,000 from the assessment against the clergy house and then confirmed the assessment. The Appellate Division has reversed the order of the Special Term, holding that the relator was not properly assessed for any sum whatever.

The General Tax Law of 1896 (Ch. 908, § 4, subdivision 7, as amended by Ch. 371 of the Laws of 1897) provides that "The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, bible, tract, charitable, benevolent, missionary, * * * or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes; and the personal property of any such corporation shall be exempt from taxation."

Upon the relator's real property is a large church building devoted to religious services, which is concededly exempt. The first controversy arises with reference to the mission house adjoining the southeast corner of the church. Upon the first floor of this house is a chapel, where there is an altar used daily for religious services. This building is in charge of three sisters, who have a general reception room upon the first floor, where all persons desiring to consult them are received. The second floor is also occupied by a chapel and the third floor by the women's guild, the rooms being used regularly three times each week, one for the mothers' meeting, one for the guild girls and one for younger girls and children. The fourth floor is used as the living rooms of the sisters, and the fifth is their kitchen. It appears that the work of the sisters is mainly carried on by guilds organized for the purpose of doing charitable and missionary work in connection with the church among the poor, and the furnishing of the destitute with food and clothing, looking after them when they are sick, and inducing them to attend the meetings of the guilds, with the ultimate object of making them members of the church. The daily use of the chapel for religious services, the constant reception of women and children for counsel and advice, the distribution of charity, with the meeting of the guilds day and night, would seem to make the residence of the sisters in the building necessary and an incident to the work carried on there, and not an appropriation of the building for other purposes than that for which the relator was incorporated. We are, therefore, inclined to the view that this building is exempt.

The clergy house adjoins the southwest corner of the church building. The first floor consists of a large room known as the St. Joseph's Hall, used for a Sunday school and other religious services. It is connected with the church and can be utilized as a part of the seating capacity of the church when it is overcrowded. In this building is also located the choir and vestry. The choir boys assemble here before services and put on their vestments. The chapel of the church

32

proper extends to and occupies the second floor for a gallery. The third floor is used for the men's guild, and consists of a reading room, club, room, a billiard room and library. This building is under the care of three curates, who conduct devotional exercises in the chapels and at the guilds. They counsel and advise applicants, and assist in carrying on the work of the church. The fourth floor is occupied by them for sleeping and living rooms, and the fifth floor is occupied by the engineer, who has charge of the heating and mechanical apparatus of the entire buildings. We incline to the view that the occupation of this building by the curates and engineer is incidental to the work carried on by the corporation, and that it is also exempt.

The rectory is a separate building located on the northeast corner of the church. The building consists of a reception room, library room, study, dining room, kitchen, vestry room and sleeping rooms. It is occupied by the rector, his family and servants. It is contended on behalf of the respondent that the work carried on by the church is such as to require the constant attendance, both night and day, of the rector or his assistants, and that the rector having the general supervision of the entire work, his presence is necessary so that whatever calls may be made either upon himself, the assistants or sisters, he can, if necessary, be reached for advice and consultation. It is further contended that the same reasons that exist for the exemption of the mission and clergy houses apply also to the rectory. We do not, however, favor this view. We have sustained the exemption of the other buildings upon the grounds, mainly, that the residence therein was necessary and incident to the work carried on therein. The "exclusive use" mentioned in the statute means exclusive business for which the relator was incorporated. The conduct of business of necessity includes necessary agents or servants. An engineer having charge of the heating and mechanical apparatus, a janitor having charge of the rooms, watchmen, caretakers and servants all may be aids in conducting the affairs of the corporation. But their services have

reference to the buildings in which the work of the corporation is carried on and does not, as it appears to us, include a rectory. It may be that the rector is often called upon both day and night by his parishioners for counsel and advice, and that it is quite important that he should be near at hand, but this may be true with reference to every rector or officiating clergyman. The building is used as his dwelling house, and is not otherwise devoted to the purposes for which the relator was incorporated. The statute provides that "The following property shall be exempt from taxation : * * * All dwelling houses and lots of religious corporations while actually used by the officiating clergymen thereof, but the total amount of such exemption to any one religious corporation shall not exceed two thousand dollars. Such exemption shall be in addition to that provided by subdivision seven of this section." (Tax Law of 1896, ch. 908, § 4, subd. 9.) Here we have an express provision exempting buildings of this character to the extent of two thousand dollars and no more, thus clearly indicating the legislative intent that such buildings, the value of which exceeds the sum of two thousand dollars, is assessable for the excess of such value.

The order of the Appellate Division is hereby modified so as to restore the assessment of the relator's rectory building, and as so modified affirmed, without costs of this appeal to either party.

Parker, Ch. J., O'Brien, Bartlett, Martin, Vann and Landon, JJ., concur.

Ordered accordingly.