STATE BOARD OF TAX APPEALS.

THE HAVEN OF GRACE, PETITIONER, v. TOWNSHIP OF LAKEWOOD, RESPONDENT.

Decided June 10, 1941.

For the petitioner, *Franklin H. Berry*.

For the respondent, *Milton Miller*.

QUINN, President. This is an appeal for exemption from taxation of certain real property assessed by the respondent for the year 1939, allegedly used exclusively for religious purposes, within *R. S.* 54:4-3.6; *N. J. S. A.* 54:4-3.6.

The property in question consists of land originally purchased by Margaret L. Wiesenberg and Charles Wiesenberg, her husband, and buildings subsequently erected by them thereon. These persons conveyed the premises to the petitioner corporation May 13th, 1938, the grantee having been incorporated April 30th, 1938. The named grantors are two of three trustees of the corporation, and they control it. They are also officers of The Christian Witness to Israel, Inc., a New York corporation, which is apparently the beneficial owner of the property, having furnished the funds for the erection of the buildings.

The main building on the premises consists of a five-room dwelling, in which the Wiesenbergs reside, attached to which is another building containing a garage and office. In this office, as of the assessing date, three clerical employes were occupied in sending out typed letters pertaining to the work of The Christian Witness to Israel, Inc., aforementioned, and in distributing a printed booklet concerning the work of that body. Some of these books were sold at 35 cents per copy, and some were given away. The employes received salaries of from $10 to $15 per week, and the Wiesenbergs $70 per month, each. In addition to these activities persons were invited to live at the premises in what is described as a "rest home." Some made contributions in return, while others did not.

The certificate of incorporation of petitioner recites, among other things, the corporate purpose, "to conduct one or more rest homes, at cost, for converts to the Christian religion, made by The Christian Witness to Israel, Inc., or otherwise * * *."

The statute cited by petitioner as the basis for its claim, *R. S.* 54:4-3.6; *N. J. S. A.* 54:4-3.6, recites, so far as is here

material, that there should be exempted from taxation, "* * * all buildings actually and exclusively used for religious worship * * *; used in the work of corporations organized exclusively for * * * religious purposes." The uses must also be not for profit, and the exemption claimant must own the property in question, be incorporated under the laws of this state, and authorized to carry out the exemption purposes.

The activities of petitioner fail to meet the statutory requirements. "Rest homes," so far as is here shown, do not constitute religious activities. The corporation is not, therefore, organized exclusively for religious purposes, nor exclusively engaged in religious worship or activity. The residence of the Wiesenbergs in a substantial portion of the building is not within any exempted use provided by the statute. Nor are the clerical activities of workers distributing literature for a corporation of the State of New York, as was proven. The religious aspects of the use of this property seem to us to have been merely incidental, not primary, and, in any event, did not constitute the exclusive function of the premises, as is required by the statute. See *American Sabbath Tract Society* v. *City of Plainfield, New Jersey Tax Reports,* 1934-1939, *p.* 99.

The judgment of the Ocean County Board of Taxation, denying the exemption sought, will be affirmed.