

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Homer D. Eck
County Auditor
Fayette County
LaGrange, Texas

Dear Sir:

Opinion No. O-6211
Re: Building owned by church
situated on the same tract
of land as the church build-
ing, and dwelling place for
the minister, when used in
the manner and for the pur-
poses stated is exempt from
taxation.

Your letter of September 9, 1944, requests the opin-
ion of this department upon the question stated in the first
paragraph of the following quoted portion of your letter:

"Should a hall owned by a church situated on
the same tract of land the church building and
dwelling place for the minister is located be
assessed for taxes or is it tax exempted?

"This hall was acquired through voluntary
contributions of the members of the parish and
outside public. The title to the property is
held by the Catholic Archbishop of San Antonio,
Texas, the Rev. Robert E. Lucy, D. D., in whose
name all church property is held.

"The hall is used for the following purposes,
viz: parish meetings, meetings of Catholic So-
cities, Maternity Guild, Catholic Action, Catho-
lic organizations, Catholic Union of Texas, re-
ligious instructions to children, socials; plays
and once or twice yearly picnic dinners and dances
are held.

"No rent or contributions are paid by the
various organizations using the hall, however

Honorable Homer D. Eck - page 2

when picnic dinners and dances are given admission fees are charged. Money collected from the admission fees of the later is used for the benefit of the church and charitable purposes."

Article 8, Section 2, of the Constitution of Texas provides that "the Legislature may, by general laws, exempt from taxation . . . . actual places or (of) religious worship, also any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministery of such church or religious society, and which yields no revenue whatever to such church or religious society; . . . . and property used exclusively and reasonably necessary in conducting any association engaged in promoting the religious, educational and physical development of boys, girls young men or young women operating under a state or national organization of like character. . . ."

Section 1 of Article 7150, Vernon's Annotated Civil Statutes, provides:

"The following property shall be exempt from taxation, to-wit:

"1. Schools and churches --Public school houses and actual places of religious worship, also any property owned by a church or by a strictly religious society, for the exclusive use as a dwelling place for the ministers of such church or religious society, the books and furniture therein and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and which yields no revenue whatever to such church or religious society . . . ."

Section 2a of said Article 7150 provides:

"2a. Religious, educational and physical development associations --That all property owned or used exclusively and reasonably necessary, in conducting any association engaged in the joint and three-fold religious, educational and physical development of boys and girls, young men and young women, operating under a state or national organization of like character, and not leased or otherwise used with a view to profit other than for the purpose of maintaining the buildings and association, . . .. . shall be exempt from taxation . . . ."

Honorable Homer D. Eck - page 3

As stated by Justice Sharp of the Texas Supreme Court, "The Constitution and the Statutes of this State evince a liberality in the exemption from taxation of property for educational or religious purposes." Harris v. City of Fort Worth, 180 S. W. (2d) 131.

We think the property in question is an "actual place of religious worship" within the meaning of the Constitution and the statute above referred to. Although we find no Texas decisions passing upon the question you present, we believe that the weight of authority in this country supports our opinion.

In People v. Feitner, 61 N. E. 762 (N. Y.), the Statute exempted property used "exclusively for the moral or mental improvement of men or women, or for religious, Bible, tract, charitable, benevolent, missionary . . . . or for two or more such purposes . . . ." A "clergy house" located on the corner of the church building was held to be exempt under this Statute. This "clergy house" included a large room known as "St. Joseph's Hall", used for Sunday School and other religious services. Other uses included a dressing room for choir boys, and the "men's guild", consisting of a reading room, club room, billiard room and library. The court added that the fact that sleeping rooms of the curates and of the building engineer were located here, being merely incidental, did not destroy the exemption.

Perhaps the leading case on the subject is St. Paul's Church v. Concord, 75 Atl. 531 (N. H.), 27 L. R. A. N. S. 910, Ann. Cas. 1912A, page 350. The Statute exempted "houses of public worship." The building in question was located in the rear of the lot on which the church stood. The basement included dining room, kitchen and serving room. The first floor was an auditorium with a stage. The second story had rooms for meetings of various parochial organizations and for Sunday School class rooms, and a room for choir practice. When not otherwise engaged, the hall was let for hire to reputable parties for such purposes as meetings of societies, lectures, musical recitals, and private dancing parties.

The court acknowledged the general rule of strict construction of exemption Statutes, but added: "If the so-called 'rule of strict construction', as applied to statutes exempting certain property from taxation, is so strictly applied as to render the exempting language so narrow and restricted as to defeat the apparent legislative purpose. it is clear that too much sacredness is attached to a mere rule, and that it should be either abrogated or applied with

more liberality and reason." The court held that occasional uses of the building for secular purposes did not make the property taxable and that it was exempt. This case is cited as text authority in 26 R. C. L. 325.

The case of Shaarai Berocho v. Mayor, etc., of City of New York, 18 N. Y. S. 792, construed a statute exempting property "exclusively used for purposes of public worship." The ground floor of the building in question was used as a synagogue. "The second floor was mainly used as a place for religious services or instruction on mornings and afternoons during the week, and for Sabbath School exercises on Saturday afternoon and Sunday morning." Part of this floor was used as an office by the church treasurer and the trustees. On the third floor, there were living quarters of the janitor and his family, also a reception room used for trustees' meetings, and a room for the archives and the synagogue paraphernalia. It was held that the premises were exempt.

In the case of Harrison v. Guilford County, 12 S.E. (2d) 269, (N.C.), the Statute exempted property "wholly and exclusively used for religious worship . . . together with . . .. adjacent land reasonably necessary for the convenient use of any such building." A Baptist church purchased a lot several blocks from the church. Said lot was "used only by Sunday School classes and organizations of the church as a place for holding outdoor meetings." The court said: "The agreed facts show that the lot is reasonably necessary for the convenient use of the church, and is wholly and exclusively used for religious worship."

In the case of First Unitarian Society v. Town of Hartford, 34 Atl. 89, (Conn.), the Statute exempted property "occupied as a church." The audience room of the "Unity Church and Hall" was constructed along the architectural pattern of a theater. The religious society, in addition to conducting worship services in said auditorium, derived five or six hundred dollars a year renting out the auditorium for lectures, concerts, and other entertainments, and, at times, political conventions.

In that case, the court said:

" . . . . The policy on which the exemption of church buildings from taxation is granted is the encouragement of religion; and that policy is not

Honorable Homer D. Eck - page 5

hindered, but, rather, promoted, by permitting
this building to be used for profit when not
needed for those services distinctly called
"religious services"; for literary, scientific,
or entertaining exercises, or for any other
thing not inappropriate to be had in a church.
In earlier times in this state, and in all the
New England states, the church--commonly called
the "Meetinghouse"--was customarily used for
town meetings, lectures, concerts, temperance
meetings, political addresses, and for other
like special occasions; and no one ever sup-
posed that such use made the meetinghouse
liable to taxation. In the country towns the
like use still prevails. In view of such
general use, it is not to be supposed that the
legislature intended, by any language it has
used, to make all such church buildings taxable.
We think Unity Church and Hall is exempt from
taxation.

See also in Re Zinzow, 43 N.Y.S. 714.

In the light of the foregoing authorities, it is our
opinion that the hall inquired about in your letter is exempt
from taxation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    (s)

J. Arthur Sandlin
Assistant

APPROVED NOV 9 1944

ATTORNEY GENERAL OF TEXAS

JAS:ddt:zd