St. Paul's Evangelical Lutheran Church, Appellant. *v.* Board of Tax Appeals et al., Appellees.

(No. 4853—Decided May 23, 1955.)

*Messrs. Taylor, Cruey & Kelb*, for appellant.

*Mr. C. William O'Neill*, attorney general, and *Mr. Jack H. Bertsch*, for appellees.

DEEDS, J. This is an appeal from a ruling and decision of the appellee Board of Tax Appeals refusing an exemption from taxation of a certain part of the property of the appellant, St. Paul's Evangelical Lutheran Church of Toledo, Ohio. That part of the decision of the appellee Board of Tax Appeals pertinent for consideration on this appeal is as follows:

"The St. Paul's Evangelical Lutheran Church of Toledo having heretofore, to wit, on the 27th day of August, 1954, filed an application for the exemption of property in the taxing district of Toledo, Lucas County, Ohio, which application having been considered, the Board of Tax Appeals of the Department of Taxation of Ohio finds that the property described as follows:

| Subdivision of Addition | Feet Front | Feet Depth | House No. | Street |
| --- | --- | --- | --- | --- |
| SW 24 ft. of 1410 and 1411 and NE 20 ft. of 1412 Vistula Division | 124 | 128 | 430 | Erie |

"Note: Excepting that portion used as a residence by custodian and wife."

It is disclosed by the evidence in the record before us for review that appellant, St. Paul's Evangelical Lutheran Church of Toledo, Ohio, has a church membership of 3,250 members, exclusive of the Sunday School, and that the real property had a tax valuation of $437,740, with an annual budget for operating expenses aggregating $85,000.

The church auditorium was provided with a seating capacity for 900 persons, with facilities in the basement of the prop-

erty for overflow attendance at worship services; there are also choir rooms and nursery facilities.

A building adjoining the principal property, known as the parish house, was equipped for and was used as offices for pastors, consisting of three, secretarial staff, chapel, Sunday School Auditorium, library, Sunday School rooms, gym, ladies' parlor with small kitchen, and other offices appertaining to the affairs of the church.

The custodian's apartment, being the portion of the property which was not allowed as exemption and on account of which disallowance this appeal was taken, consisted, as shown by the evidence, of about one-seventh part of the fourth floor of the parish house, or about 819 square feet. Considered in percentages, it was shown that the custodian's apartment occupied about 2.3 per cent of the floor space area of the parish house. The custodian of the church and his wife occupied that portion of the church property described for the reasons, as contended by the appellant church, that the church property and its various facilities, including the heating plant and also the many church activities, reasonably required the presence of the custodian upon the premises during both night and day time for the purpose of protection, and also as an accommodation to and as a reasonable service to be afforded the membership of the church and the public, to which further reference is made at the conclusion of this opinion.

We find and hold upon this appeal that the presence of the custodian upon the very extensive church property involved is reasonably necessary for the protection and care of the property and also for the purpose of meeting the needs and reasonable requirements of the members and the public in the use of the church facilities for public worship, and that therefore the custodian's apartment was both incidental to and necessary as a part of the building being maintained for the purposes of public worship.

We reach our conclusion in harmony with the announcements and decisions of the Supreme Court of the state, in cases in which we consider the facts and circumstances to be analogous with the facts and circumstances shown to exist by the record in the case now before us for review on this appeal.

We take note that in *In re The Bond Hill-Roselawn Hebrew*

*School*, 151 Ohio St., 70, decided February 16, 1949, prior to the amendment (123 Ohio Laws, 818) of Section 5560, General Code (now Section 5713.04, Revised Code), the Supreme Court held, at page 75, that the occupancy of three rooms above the first floor by the caretaker and his family "is not only definitely incidental to the primary use of the building for public worship but also is merely an element in making that use possible," citing *Gerke, Treas.,* v. *Purcell*, 25 Ohio St., 229, holding grounds used for parochial schoolhouses and playgrounds connected therewith to be exempt, but grounds used as parsonages not exempt. The court also held that the exemption in the Constitution carried with it, impliedly, authority to exempt such grounds as may be reasonably necessary for their use; but such grounds must subserve the same exclusive use to which the buildings are required to be devoted.

Section 2, Article XII of the Constitution, provides that general laws may be passed to exempt "houses used exclusively for public worship." Pursuant to that provision the General Assembly has enacted Section 5709.07, Revised Code, providing in part that "houses used exclusively for public worship, the books and furniture therein, and the ground attached to such buildings necessary for the proper occupancy, use, and enjoyment thereof, and not leased or *otherwise used* with a view to profit * * * shall be exempt from taxation." (Emphasis added.)

Prior to its amendment in 1949, Section 5560, General Code, excluded from including in the value of real estate, crops, shrubs and trees, and also provided for separate valuation of mineral rights. The amendment providing for split listing provided "But where a separate parcel of real property, improved or unimproved, having a single ownership, is so used, that part thereof, *if a separate* entity, would be exempt from taxation, and the balance thereof would not be exempt from taxation," the listing thereof shall be split. (Emphasis added.)

In 1945, prior to the amendment, the court held in *Welfare Federation of Cleveland* v. *Glander, Tax Commr.,* 146 Ohio St., 146, that, where an institution used exclusively for charitable purposes owns a single building rented in part with a view to gain, the decision of the Board of Tax Appeals denying exemption from taxation of that part of the building used exclusively for charitable purposes is neither unreasonable nor unlawful,

citing 12 prior cases. The court also held that there was no authority for splitting the listing of real property so as to tax a portion and exempt the rest; that listing must be made in accordance with Section 5560, General Code, as it then provided. The *Welfare Federation case* was reaffirmed in *Mussio* v. *Glander, Tax Commr.* (1948), 149 Ohio St., 423. It becomes obvious at once that the amendment to Section 5560, General Code, in 1949 was directed to the *Welfare Federation case*, and not to overrule the *Bond Hill case* as contended by the Attorney General. In other words, since the amendment, if a substantial portion of an otherwise exempt parcel of property is devoted to purposes other than exclusively to public worship, split listing is authorized. In *Mead Corp.* v. *Glander, Tax Commr* (1950), 153 Ohio St., 539, Taft, J., dissenting, the court reiterated that there was no authority for split listing. However, in 1952, the court recognized the split listing amendment in *Goldman, a Taxpayer,* v. *L. B. Harrison* (Club), 158 Ohio St., 181, Stewart, J., dissenting, but held by a divided court that the division made by the board upon a percentage basis was not a division of separate entities thereof as contemplated by the amendment, and that the entire property was nonexempt. On the same day, the court decided *Goldman, a Taxpayer,* v. *Friars Club, Inc.*, 158 Ohio St., 185. That case involved a large group of charitable institutions wherein the board had applied the split listing on a percentage based on cubical content of the varied occupancies of the building. Without rejecting the percentage basis employed by the board, the court again modified the decision of the board and remanded the causes thereto with directions to order that the whole of the properties be exempt from taxation on the ground that they were used exclusively for charitable purposes. In *Goldman, a Taxpayer,* v. *Robert E. Bentley Post, No. 50,* also decided the same day, 158 Ohio St., 205, the board had determined 12 per cent of the property exempt and 88 per cent nonexempt. The Supreme Court held that none of the property was exempt, presumably because it was not used exclusively for charitable purposes. See, also, *Goldman, a Taxpayer,* v. *Guckenberger, Aud.*, 158 Ohio St., 210, decided same day as *Bentley Post, supra.*

In *Trustees of the Church of God of Cleveland* v. *Board of Tax Appeals* (1953), 159 Ohio St., 517, the court adhered to the

entity principle saying that (page 520) "the word, 'entity,' used in the statute means something that has a real and separate existence," referring to *Cincinnati College* v. *Yeatman, Aud.*, 30 Ohio St., 276, that for the purposes of taxation a building may be divided perpendicularly as well as horizontally, where there are separate and distinct tenements in the same building. The decision of the board, that since more than 50 per cent of the use of the building was for private purposes the whole was nonexempt, was reversed and the cause was remanded with directions to apply split listing on an entity principle.

It is apparent that the court has not departed from the rule announced in 1874 in *Gerke* v. *Purcell, supra.* In the *Friars Club case,* exemption was allowed even though, as incidental to the overall program, dormitory, dining room and other like services (some of them operated at a profit) are furnished, a charge made therefor, and the income devoted to the program. *Gerke* v. *Purcell* was also cited in support of the exemption of the entire property allowed in the *Bond Hill case.*

The Attorney General contends that the space occupied by the caretaker in the instant case is capable of split listing, and therefore in effect should not be exempt, and relies on *Welfare Federation of Cleveland* v. *Peck, Tax Commr.*, 160 Ohio St., 509. In the *Welfare Federation case,* the taxpayer sought exemption for the upper nine floors of its building used exclusively for charitable purposes. The two lower floors were rented for commercial purposes. Consistent with its holding in the *Church of God case,* the court found that the property could be split horizontally on an entity basis, and reversed the board, remanding the cause for further proceedings according to law.

In the instant case, the taxpayer filed an application for exemption of its entire property. The exemption was granted "excepting that portion used as a residence by custodian and wife." At the hearing, a deputy county auditor testified that the portion of the property used as a residence could be segregated on the tax list, without indicating whether upon an entity or percentage basis. It is our view that the principle announced in *Gerke* v. *Purcell, Bond Hill* and again applied in the *Friars Club case* has not been modified. The evidence discloses that the custodian and his wife are employed to care for the premises, see that the services are maintained, care for all demands and

calls made with reference to the premises, clean the premises, tend the fires, lock the doors after midnight, close the windows, turn out the lights, and generally clean up the premises. It is clear that the occupancy is incidental to the overall purposes of a place of public worship. Certainly, the evidence fails to disclose that the apartment is leased with a view to profit, as the phrase is employed in Section 5349, General Code (now Section 5709.07, Revised Code). Under the *Bond Hill case*, the premises occupied by the custodian are exempt from taxation.

We are persuaded that the reasons appearing in the opinion in the decision of the Supreme Court in *In re The Bond Hill-Roselawn Hebrew School, supra* (151 Ohio St., 70), are clearly applicable and controlling in the decision on this appeal, and we, therefore, hold that the decision of the Board of Tax Appeals in disallowing an exemption for that part of the church property occupied by the custodian was erroneous and contrary to law.

The decision of the Board of Tax Appeals is modified and the cause is remanded thereto with directions to modify its entry so as to order the whole of the property exempt from taxation, free from the exception of that portion used as a residence by the custodian and his wife.

*Judgment accordingly.*

CONN and FESS, JJ., concur.