**CAMP FOSTER YMCA, Appellee,**

v.

**DICKINSON COUNTY BOARD OF REVIEW, Appellant.**

No. 92–290.

Supreme Court of Iowa.

July 21, 1993.

Jon M. Martin, County Atty., for appellant.

Michael J. Chozen of Narey, Chozen & Saunders, Spirit Lake, for appellee.

Janne G. Gallagher of Harmon, Curran, Gallagher & Spielberg, Washington, D.C., for amicus curiae YMCA of the USA.

CARTER, Justice.

The Dickinson County Board of Review appeals from a district court order, which established that property owned by Camp Foster YMCA and used for purposes of carrying on preschool and child care activities by hired personnel was exempt from property tax. After considering the arguments presented, we affirm the decision of the district court.

This case stems from Camp Foster's claim for a full charitable property tax exemption under Iowa Code section 427.1(9) (1991) for its preschool and day-care facilities. Camp Foster is a nonprofit corporation organized for charitable, educational, and religious purposes.[1] It purchased the preschool and day-care operation as a going concern and hired the former owners to continue to run it.

The fees charged by this operation after it came into Camp Foster's ownership were similar to those of private day-care operations in the area. The private day-care operations did not offer scholarships and did not accept children under contracts with the Iowa Department of Human Services (DHS). Camp Foster has a policy of participating in DHS contracts. It also has a written policy of providing up to five scholarships for parents unable to pay the preschool and day-care fees for their children. At the time of the exemption claim, however, apparently only two of these scholarships were being used.

The action of Camp Foster in purchasing and operating the day-care facility was prompted by a community action committee consisting of Camp Foster board members and other interested community leaders. This committee was concerned about the need for additional day-care and preschool services in the community.

The Board of Review considered Camp Foster's claim for a property tax exemption. It determined that the charitable nature of the activity on the property was

limited, and that, as a result, only an eleven percent exemption should be granted. On appeal pursuant to Iowa Code section 441.-39, the district court found that the property owner was entitled to a total exemption from the property tax based on the charitable use of the property.

In seeking to reverse the order declaring this property exempt, the Board of Review asserts that the property owner failed to (1) designate the proper statutes in its claim for exemption, and (2) show that the use of the property was "charitable." We separately consider these claims.

### I. Failure to Designate Statute Upon Which Exemption Claim is Based.

■ The Board of Review asserts that Camp Foster failed to designate the statute upon which its exemption claim is based in either its protest to the Board of Review or in its petition filed in the district court. It argues that Iowa Code section 441.37 requires that designation in the protest to the Board and that section 441.38 specifies that the grounds in an appeal to the district court must be the same.

Admittedly, Camp Foster did not strictly follow the statutory procedure. We believe, however, that, in determining the validity of a claim for exemption by an organization such as a YMCA, the Board was undoubtedly aware that the property owner was seeking to invoke section 427.1(9) pertaining to charitable, benevolent, religious, and educational institutions and societies. Indeed, the partial exemption that it granted to Camp Foster was on this basis. We are convinced that the Board considered Camp Foster's protest on the basis of the statutory grounds now being asserted and that the same statutory grounds constituted the basis for Camp Foster's appeal to the district court under section 441.38.

### II. Exemption Claim Under Section 427.1(9).

■ Camp Foster's entitlement to an exemption from the general property tax is

---

1. Camp Foster YMCA is a nonprofit Iowa corporation fulfilling the requirements of Iowa Code chapter 504A. It was organized exclusively for religious, charitable, and literary or education purposes. Its articles of incorporation were

filed on December 4, 1970. In a determination letter, the Internal Revenue Service has concluded that Camp Foster is "exempt from federal income tax as an organization described in Section 501(c)(3) of the Internal Revenue Code."

dependent upon Iowa Code section 427.1(9) (1991). In *Congregation B'Nai Jeshurun v. Board of Review*, 301 N.W.2d 755 (Iowa 1981), we recognized that three requirements must be met in order to obtain an exemption pursuant to that statute. These are: (1) the property must be used by a charitable, religious, or educational institution or society; (2) the property must not be used with a view to pecuniary profit; and (3) the actual use of the property must be solely for the appropriate objects of the institution or society. *Id.* at 756.

We believe that Camp Foster has clearly satisfied the first two elements recognized in *Congregation B'Nai Jeshurun*. The Board of Review argues strenuously, however, that it failed to show that the actual use in question was charitable. It bases that contention in part on our decision in *Dow City Senior Citizens Housing, Inc. v. Board of Review*, 230 N.W.2d 497 (Iowa 1975). In that case, we considered a claim for exemption of a senior citizens housing project. We stated as follows with respect to the property owner:

> It is a nonprofit corporation; that does not make it a charitable or benevolent institution under Code § 427.1(9). It meets a real need of Dow City in providing low-rent housing to elderly retired persons; that does not make it charitable or benevolent either. Its contribution to the community is laudable but not charitable or benevolent within the meaning of the exemption statute.

*Id.* at 499.

 In *St. Ambrose University v. Board of Review*, 503 N.W.2d 406, 407 (Iowa 1993) (filed today), we recognized that the actual use requirement specified in the *Congregation B'Nai Jeshurun* criteria is more strictly applied in those situations in which the taxpayer must rely on the challenged use to establish its charitable, religious, or educational purpose. That was the situation in the *Dow City Senior Citizens Housing* case. In contrast, if the taxpayer is shown to be a charitable, religious, or educational organization or society independent from its use of the property for which exemption is being claimed, the exemption may be granted if that use fosters an activity that falls fairly within the mission of the institution.

 In the present case, the board of directors of Camp Foster YMCA specifically authorized this activity as one to promote the general mission of the YMCA through meeting a recognized need of the local community. Because all of the necessary funding for this project was not available from other sources, funds of the YMCA, which would otherwise have been available for other charitable purposes, were instead committed to the satisfaction of this need. Under the criteria approved in the *St. Ambrose University* decision, we believe these circumstances qualify the property for a full tax exemption. The district court was correct in so concluding.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**